UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANN MARIE ZAGATA,

      Plaintiff,                                Case No. 12-12324

                                                  Paul D. Borman
                                                  United States District Judge

v.

LOWE'S HOME CENTERS, INC.,

      Defendant.
_____/

ORDER DENYING WITHOUT PREJUDICE "PLAINTIFF'S"
MOTION TO SUBSTITUTE PARTY PURSUANT TO FED. R. CIV. P. 25(a)

Counsel for deceased Plaintiff Ann Marie Zagata has had difficulty with attempts to substitute the proper party in this matter, necessitating two Orders from the Court explaining the necessary procedures under Fed. R. Civ. P. 25. *See* ECF Nos. 25, 27. Counsel for the decedent continues to move the Court on behalf of the "Plaintiff," who is deceased and is no longer a party. *See Atkins v. City of Chicago*, 547 F.3d 869, 872 (7th Cir. 2008) ("The referent of "plaintiff" is apparently the deceased William Atkins, though he had ceased, upon his death, to be a party."). Counsel for the deceased Plaintiff has now filed a motion, purportedly on behalf of "Plaintiff," to substitute the proper party for the deceased Plaintiff. "A motion for substitution may be filed only by a party, by the executor or administrator of the decedent's estate, or, if the estate has already been distributed to the heirs, by them. The decedent's lawyer may not file such a motion in his own name because he no longer has a client . . . ." *Id*. The Court referred Plaintiff's counsel to the *Atkins* case for guidance in its July 9, 2013 Order to Show Cause. (ECF No. 25 at 3.)

1

Morever, as pointed out by the Court in its earlier Orders, a valid Notice of Suggestion of Death cannot be filed by the deceased Plaintiff's attorney, who no longer has a client. As the Court has already ruled, the filing of the original Notice of Suggestion of Death by counsel for the deceased Plaintiff was ineffective under Rule 25(a). *See, e.g., Long v. Time Ins. Co.*, No. 06-701, 2008 WL 3200844, at *2 (S.D. Ohio Aug. 7, 2008) (noting "that an attorney for a deceased party has no authority to suggest the death of his deceased client upon the record" and holding that notice filed by deceased plaintiff's attorney, which did not identify the plaintiff's successor or personal representative, did not commence the running of the 90 day period for filing a motion for substitution) (internal quotation marks and citation omitted). The Motion now before the Court indicates that a Notice of Suggestion of Death was personally served on the decedent's personal representative, Blair John Zagata II, on October 30, 2013, and seeks to substitute Blair John Zagata II as the proper party Plaintiff in this action. (ECF No. 34, Ex. A, Proof of Service of Notice of Suggestion of Death.) Personally serving Ann Marie Zagata's personal representative with a "Notice of Suggestion of Death" (a copy of which was not attached to instant motion) cured part of the problem, but not all of it. *See Smith v. Planas*, 151 F.R.D. 547, 550 (S.D.N.Y. 1993) ("A representative of the deceased party, and not that party's attorney, must make the suggestion of death."). In order to begin the running of the 90-day period for filing a motion to substitute party, a Notice of Suggestion of Death must be filed by a party (Defendant Lowe's) or by the deceased's successor or representative (Blair John Zagata II) and served as required under Fed. R. Civ. P. 25(a)(3). Absent proper filing and service of a Notice of Suggestion of Death, the 90-day period for filing a motion to substitute will not commence.

A motion to substitute under Rule 25, like a suggestion of death, must be made by a "party

or by the deceased's successor or representative." The instant Motion is not filed by a "party or by the deceased's successor or representative," but by the deceased Plaintiff's attorney, whom the personal representative may or may not wish to retain in these proceedings. Nor does the Motion indicate that a copy of the motion was served as required under Fed. R. Civ. P. 25(a)(3), i.e. "on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3) (emphasis added).

The parties are directed to read the Court rules and the cases to which the Court has referred them and to proceed accordingly. "Plaintiff's" Motion to Substitute now before the Court is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

                                                s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: December 27, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 27, 2013.

                                                s/Deborah Tofil
                                                Case Manager